UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JORDAN MANASCO**, *et al.*, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | *   Case No.:2:21-cv-00381-JHE |
| | * |
| **BEST IN TOWN, INC. d/b/a THE FURNACE**, *et al.*, | *  OPPOSED |
| | * |
| | * |
| **Defendants.** | * |

**REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO SEAL AND MOTION TO STRIKE**

**COME NOW** the Defendants, Best in Town, Inc. d/b/a the Furnace, Graham Jackson and Gregory Jackson (hereinafter collectively referred to as "Defendants") by and through undersigned counsel, and in reply to Plaintiffs' Opposition to Defendants' Motion to Seal (Doc. 105) ("Plaintiff's Second Opposition") and in support of its Motion to Strike, state as follows:

1.  Plaintiffs did not object to all of the items that are the subject to the Defendants' Motion for Leave to File Documents Under Seal (Doc. 100), but only to the redaction of the name of the declarants.

2.  The same Declarations in Docs. 46-2 through 46-11 (Exhibits B – Exhibit K) (hereinafter referred to as the "Jane Doe Exhibits") filed with Defendants' Response to Plaintiffs' Notice of Motion and Motion for Conditional Certification

and Issuance of Notice Pursuant to §216(B) of the Fair Labor Standards Act (Doc. 45) ("Response to Certification Motion") were again filed with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (Doc. 99).

3. The Jane Doe Exhibits were first disclosed on the 9th day of September 2021 at the time of the filing of the Response to Certification Motion (Doc. 45).

4. Also, on the 9th day of September 2021 Defendants' Motion to File Redacted Declarations Exhibits (Doc. 47) was filed seeking to seal just the names of the declarants, which was opposed in the Plaintiffs' Opposition to Defendants' Motion to File Redacted Declarations Exhibits (Doc. 50) ("Plaintiffs' First Opposition"). Defendants also filed a reply to the opposition (Doc. 52) on the 23rd day of September 2021.

5. After a thorough review of the filings and caselaw, this Court entered a Memorandum Opinion and Order (Doc. 62) granting the motion to seal and ordered the parties to submit a joint protective order applicable to the names of the Jane Doe Exhibits. An Amended Stipulated Protective Order – Confidentiality was entered the 29th day of March 2022 (Doc. 66) regarding the Jane Doe Exhibits.

6. Pursuant to the Amended Stipulated Protective Order- Confidentiality (Doc. 66), all of the names of the Declarants in Jane Doe Exhibits were ordered to remain confidential and under seal without disclosure pursuant to this Court's Memorandum Opinion and Order (Doc. 62) and that their names shall be considered

as "Confidential Information" as that term is defined in the Stipulated Protective Order-Confidentiality (Doc. 54) as well as receiving all protections of the said Protective Order.

7. Pursuant to the Orders of this Court in Docs. 54, 62, and 66, the Jane Doe Exhibits were placed in an envelope with the information in paragraph 6 (Doc. 54) on the outside of the envelope to be delivered to Clerk; however, we understand the Clerk apparently does not allow the submission of documents without a formal motion (even though we already have an order), which is why the additional Motion for Leave to File Documents Under Seal (Doc. 100) was filed.

8. Plaintiffs now wish to relitigate the sealing of the names on the Jane Doe Exhibits that that was the subject of their first opposition in 2021(Doc. 50).

9. Specifically, Plaintiffs suggested in the Plaintiffs' Second Opposition (Doc. 105) that "the Court should stay resolution of the motion to seal until the parties can depose the Jane Doe declarants" (Doc. 105, p. 3), even though the deadline for all fact discovery expired approximately four (4) months ago on October 7, 2022 as set forth in the Amended Scheduling Order (Doc. 82, p. 2).

10. In the original Scheduling Order (Doc. 35), the deadline for fact discovery was the 4th day of April 2022.

11. The contents and statements in the Jane Doe Exhibits were disclosed September 9, 2021, well within the first fact discovery deadline, and as noted in the

Motion to File Redacted Declarations Exhibits (Doc. 47), the Defendants offered to provide unredacted declarations to the Plaintiffs to disclose the names.  (Doc. 47, ¶ 6).

12.     Plaintiffs never took steps to depose any of the Jane Doe declarants even after their names were disclosed to the Plaintiffs and even after the Amended Scheduling Order (Doc. 82) extended the fact discovery deadline to October 7, 2022.

13.     However, now more than 17 months after the Jane Doe Exhibits were first disclosed and after the expiration of two (2) fact discovery deadlines Plaintiffs wish to stay the case and reopen fact discovery.

14.     Further, in the Plaintiffs' First Opposition (Doc. 50) that was filed in September of 2021-within the first fact discovery deadline, the Plaintiffs argued, among other things, that "the Court should not allow these declarations to remain confidential as there is a legitimate risk that Defendants may be coercing/intimidating their dancers", evidence was produced demonstrating Defendants "engaged in conduct with their dancers that can be characterized as coercive, abusive, and predatory" they wanted redacted declarations "to ensure Defendants do not engage in behind-the-scenes intimidation of their dancers", there were "legitimate concerns that the individual defendants are intimidating their dancers and preventing them from asserting their rights under the FLSA", etc. (Doc. 50, pp. 1-4).

15. Even though the Plaintiffs were aware of the contents of the Jane Doe Exhibits as well as their names within both discovery deadlines, but failed to depose any of the declarants, similar arguments were again made in the Plaintiffs' Second Opposition (Doc. 105, p. 5-6), without any explanation why they did not depose the Jane Doe declarants during the time provided in both Scheduling Orders (Docs. 35 and 82).

16. Plaintiffs provided two declarations to which they reference as an "obvious change in information in the case" (Doc. 105, p. 2), but fail to address why this "obvious change" was not the subject of discovery or depositions within the fact discovery deadlines.

17. As noted in Plaintiffs' Second Opposition, one of the Jane Doe declarants filed her consent to join on May 13, 2022 (Doc. 69) and the other filed hers on June 10, 2022 (Doc. 76).

18. Following the two subject declarants joining the action, both were sent discovery requests, one on the 24th day of May, 2022 and the other on the 22nd day of June 2022, that sought through Interrogatory Nos. 3 and 4 the following information:

> Interrogatory No. 3. Identify all communications each Plaintiff has had with any other person regarding the facts, circumstances or legal issues, which in any way are the subject matter of this action, relate to any Wrongful Act alleged by Plaintiffs, or relate in any way to the Complaint, Plaintiffs' claims, and/or Defendants' defenses.

>Interrogatory No. 4.  Identify all communications each Plaintiff has had with any employee, officer, director or agent of any Defendant that is in anyway related to the claims set forth in the Complaint, Plaintiffs' claims, and/or Defendants' defenses.

19.  The Plaintiffs failed to timely or adequately respond to the discovery requests to the various plaintiffs, which was the subject two requests for a discovery conference, the first Motion for Conference to Resolve Discovery Dispute (Doc. 78) being filed on the 20th of June 2022 and the Second Motion for Conference to Resolve Discovery Dispute (Doc. 85) filed the 15th day of September 2022.

20.  In the verified responses signed by the two subject declarants on October 7, 2022 (coincidently, the date of the expiration of the deadline for all fact discovery), neither of the declarants provided any indication of coercion or intimidation with respect to their prior Jane Doe declarations.  A true and correct copy of the responses are attached hereto as Exhibit A and made a part hereof by reference.

21.  Based on the foregoing, it appears the only "obvious change" is conflicting testimony from the two subject declarants.

22.  Notwithstanding the above, this Court has already considered the arguments in this matter and relying on the decision in *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007), granted the motion to seal the Jane Doe names.

23. The *Romero* decision also noted that a Court's decision to seal (or unseal) is appealable, but no steps in our case were taken to appeal the Court's decision last March. *Id.* at 1242 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225, 93 L. Ed. 1528 (1949) (orders of the district court to seal or unseal are appealable as collateral to the underlying action because they conclusively determine a disputed question, resolve an important issue, and are effectively unreviewable on appeal from a final judgment.) Therefore, had Plaintiffs wished to challenge the Court's ruling, they had the opportunity to appeal it, but failed to do so.

24. Further, had the Plaintiffs wished to depose the declarants, they had an opportunity to schedule them within the fact discovery deadlines in the original and amended scheduling orders.

25. To the extent the two declarants that joined the collective action no longer wish to be covered by this Court's Order (Doc. 62), Defendants do not have an objection to those names being disclosed in the Court records.

## MOTION TO STRIKE

Defendants move to strike the exhibits attached to the Plaintiffs' Opposition (Doc. 105) as they contain inadmissible hearsay and the substance of the testimony was not previously disclosed during the fact discovery deadline. *See Phillips v. Am. Honda Motor Co., Inc.,* CIV.A. 04-0634-CG-B, 2006 U.S. Dist. LEXIS 46507, 2006

WL 1889564, *1 (S.D. Ala. July 10, 2006) aff'd, 238 F. App'x 537 (11th Cir. 2007) (striking affidavit because it was not newly discovered evidence); *see also Rawls v. Ala. Dep't of Human Res.,* 2:11CV59-MHT, 2012 U.S. Dist. LEXIS 75112, 2012 WL 1957618, *1 (M.D. Ala. May 31, 2012) (striking affidavit where plaintiff gave no reason why it had not been submitted earlier). This court has traditionally entertained motions to strike evidence. *See, e.g.*, *Franks v. Indian Rivers Mental Health Ctr.,* 7:08-CV-1035-SLB, 2012 U.S. Dist. LEXIS 142083, 2012 WL 4736444, *13, *24 (N.D. Ala. Sept. 30, 2012) (striking portions of affidavit containing inadmissible evidence).

**WHEREFORE, PREMISES CONSIDERED**, the Defendants pray that the Court will grant leave for it to file documents under seal, that the exhibits to Plaintiffs' Opposition (Doc. 105) be struck and for such other and different relief as is just.

Respectfully submitted this the 14th day of February 2023.

**RITCHEY & RITCHEY**

*/s/Gregory S. Ritchey*
Gregory S. Ritchey, Esquire
{ASB-8193-H68G}
Attorney for Defendants, Best in Town, Inc. d/b/a The Furnace, Gregory Jackson and Graham Jackson

<u>**OF COUNSEL:**</u>
**Ritchey Law Firm, PLLC**
Founders Trust Center
1740 Oxmoor Road, Suite 100

Birmingham, AL 35209
Telephone: (205) 271-3105
Email: gsritchey@ritcheylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jason P. Tortorici, Esquire
Schelleci & Tortorici, P.C.
100 Centerview Drive, Suite 205
Birmingham, AL 35233
jpt@schillecitortoricilaw.com

Jarrett L. Ellzey, Esquire
ELLZEY & ASSOCIATES, PLLC
1105 Milford Street
Houston, Texas 77066
jarrett@hughesellzey.com

John P. Kritensen, Esquire
Frank M. Mihalic, Jr., Esquire
Carpenter & Zuckerman
8827 W. Olympic Boulevard
Beverly Hills, CA 90211
kristensen@czrlaw.com
fmihalic@cz.law

by hand delivery, email, facsimile transmission and/or by placing a copy of same in the United States Mail, postage prepaid and delivered to the address above, and/or by the Clerk of Court using the electronic filing system, on this the 14th day of February 2023.

*s/Gregory S. Ritchey*
Of Counsel